George Haines, Esq.                                         E-FILED: November 21, 2015
Nevada Bar No. 9411
David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave.
Las Vegas, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@hainesandkrieger.com
Attorney for William J. Gowans and Patricia L. Gowans

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>**William J. Gowans and Patricia L. Gowans,**<br><br>Debtor(s). | Case No. BKS-15-12837-ABL<br>Chapter 13<br><br>Hearing Date:  January 7, 2016<br>Hearing Time:   2:30PM |

### OBJECTION TO CAVALRY SPV I, LLC AS ASSIGNEE OF CAPITAL ONE, N.A.'S PROOF OF CLAIM NO. 9-1

TO CREDITOR:    CAVALRY SPV I, LLC AS ASSIGNEE OF CAPITAL ONE, N.A.
C/O BASS & ASSOCIATES, P.C.
ATTN: MONICA NUNEZ(Administrative Assistant)
3936 E FT. LOWELL ROAD SUITE #200
TUCSON, AZ 85712

Regarding Claim No. 9-1, Filed September 03, 2015
Total Claim Amount: $4394.64

The above-named Debtor, by and through attorney George Haines, Esq., of HAINES & KRIEGER, LLC, hereby objects to the claim filed by Creditor, CAVALRY SPV I, LLC AS ASSIGNEE OF CAPITAL ONE, N.A., hereinabove identified on the grounds indicated as follows:

Creditor's claim is based upon an insufficient writing. There is no contract attached to the proof of claim validating a contractual relationship between the Debtor and Creditor. The documents, if any, attached to CAVALRY SPV I, LLC AS ASSIGNEE OF CAPITAL ONE, N.A.'s proof of claim do not satisfy the mandatory requirements of FRBP 3001(c). Creditor's claim lacks prima facie validity.  11 U.S.C. §502(a) sates that any filed proof of claim "is allowed, unless a party in interest…objects."  Pursuant to FRBP 3001(a), proofs of claim "shall confirm substantially to the appropriate Official Form."  Line 8 of the Official Form B10 directs creditor to attach supporting documents evidencing the validity of the claim as follows:

> 7.    Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running account, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.

This claim is not supported by any written evidence of an enforceable agreement or a contract that establishes the debt between the Debtor and creditor or between Debtor and an alleged predecessor in interest.

Further, the attachment to the proof of claim does not qualify as an "account summary" and is not sufficient to establish the prima facie validity of the proof of claim.

The claim is also without any evidentiary value and is unenforceable against the Debtor and the Debtor's property under any agreement or applicable law pursuant to 11 USC §502(b)(1).

Accordingly, this claim is disputed by the Debtor and should not be paid pro-rata with other General Unsecured claims.  See *In re Thibodeaux*, Case No. 04-21029 (Bankr.D.NV October 23, 2007).

This situation should be distinguished from circumstances where a Debtor objects to a creditor's proof of claim solely because it does not conform to Rule 3001(c). *E.g. Campbell v. Capital One Bank*, 336 B.R. 430 (9th Cir. BAP 2005) and *In re Heath,* 331 B.R. 424 (9th Cir. BAP 2005) (where the Debtors filed objections relying solely on alleged lack of prima facie validity of the proofs of claim filed with deficient documentation). To the contrary, in the instant matter Debtor:

1. disputes the objected to claim should be paid;

2. objects to charges, interest and fees which are believed included as part of this creditor's claim; and

3. disputes that creditor could maintain a valid basis under state law to enforce the presently disputed obligation.

Debtor has significant support for this objection. The Court in *In re Tran*, 2007 WL 1470900 (S.D.Tex.2007) held that proofs of claim filed by creditors seeking to recover amounts owing on credit card accounts that were based on written a contract under state law had to be accompanied either by writings on which they were based or by explanation for why writings could not be provided in order to enjoy prima facie validity under Bankruptcy Rule.

The *Tran* Court further found that boilerplate language included in proofs of claim to recover amounts allegedly owing on Chapter 13 Debtor's credit card accounts (to effect that account summaries were provided in lieu of attaching voluminous account documents on which proofs of claim were based) satisfied neither of the alternate requirements imposed by Bankruptcy Rule on proofs of claim that are based on writing, i.e., that writing be attached or that claimant provide "sufficient description of the

circumstances of the loss or destruction of the writing," and thus did not enjoy prima facie validity under Bankruptcy Rule.

Accordingly, in *Tran* Chapter 13 Debtor had no evidentiary burden to overcome in objecting to proofs of claim which were not filed in accordance with Bankruptcy Rule, and which did not enjoy any presumptive validity. Rather, simply by objecting to proofs of claim, Debtor shifted to claimant the burden of proving the underlying validity of its claims. *See also In re Armstrong,* 320 B.R. 97, 106 (Bankr.N.D.Tex.2005); *In re Rochester,* 2005 WL 3670877 (Bankr.N.D.Tex.2005) (holding that for a claim based upon a writing, the underlying account documents and the assignment or transfer document are needed to comply with Rule 3001(c)).

Further, in *In re Kendall*, 380 B.R. 37 (Bkrtcy.N.D.Okla. 2007) the Court found that an alleged assignee of a credit card debt, by failing to attach to its proof of claim either a copy of credit card agreement or a statement itemizing alleged debt into principal, interest or other charges, did not execute and file its proof of claim in accordance with requirements of Bankruptcy Rules. Hence, Creditor's claim was barred. See also *In re Burkett,* 329 B.R. 820, 829 (Bkrtcy.S.D.Ohio,2005) (finding that "if a proof of claim lacking proper attachments does not correlate to a debt scheduled by the Debtor, or aspects of the claim differ from the scheduled debt, this may give rise to a valid objection by the Debtor ... for lack of verification of ownership and/or the amount of the claim ... [and a] failure to respond to the objection could lead to disallowance of the claim and, even if the creditor does respond, the creditor will carry the burden of going forward as well as the ultimate burden of proof to establish its claim at the hearing on the substantive objection.").

Further, in the instant matter Debtor is not simply arguing that Creditor introduce mere evidence of consideration exchanged for claim (as was the case in the narrow holding of *Resurgent Capital Serv. v. Burnett (In re Burnett),* 306 B.R. 313 (9th Cir. BAP 2004), *aff'd* 435 F.3d 971 (9th Cir.2006)).  Here the Debtor argues that Creditor proffers no evidence it holds a valid claim at all.

Under state law, to prevail in collecting a debt based upon a breach of contract, the claimant must establish the formation of an agreement, establish a breach or default under the agreement, and quantify the damages.  In the absence of a Rule 3001(f) presumption, the burden of proving these elements is on the claimant; until the claimant has established its *prima facie* case with admissible evidence, the Debtor is not required to disprove the validity or amount of the debt. *In re Tran* at 318; *In re Long,* 353 B.R. 1, 14 (Bankr.D.Mass.2006) (in absence of the presumption, the Debtor "bears no initial burden of rebuttal, and the burden of proof rests from the start on [the claimant]"); see also *In re White*, 2008 WL 269897 (Bkrtcy.N.D.Tex. 2008).

WHEREFORE, the Debtor objects to Claim No. <u>9-1</u>, filed by CAVALRY SPV I, LLC AS ASSIGNEE OF CAPITAL ONE, N.A. and requests that Your Honor:

1. Strike CAVALRY SPV I, LLC AS ASSIGNEE OF CAPITAL ONE, N.A.'s Claim No. 9-1, bar this claim from being asserted against the Debtor, and direct the Chapter 13 Trustee not to disburse any funds to this claim through the Debtor's Chapter 13.
2. Grant such other and further relief as Your Honor deems necessary.

Dated: November 21, 2015

/s/George Haines, Esq.
George Haines, Esq.
Attorney for Debtor(s)